IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

FILED
MAY 31 2018
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

(1) ALLISON FILENKO, an individual, )
)
Plaintiff, )
)
v. ) Case No.:
)
(1) CSAA GENERAL INSURANCE )
COMPANY f/k/a AAA INSURANCE )
COMPANY, a Foreign for Profit Corporation, ) 18 CV 293 CVE - FHM
)
Defendant. )

## NOTICE OF REMOVAL

The Petitioner, CSAA General Insurance Company, f/k/a AAA Insurance Company ("CSAA"), Defendant in the above-captioned case, states the following:

1. CSAA is the Defendant in the above-entitled cause.

2. The above-entitled cause was commenced in the District Court of Tulsa County, entitled <u>Allison Filenko v. CSAA General Insurance Company f/k/a AAA Insurance Company</u>, Case No. CJ-2018-2067. Process was served upon CSAA by serving the Oklahoma Insurance Commission on May 16, 2018. A copy of Plaintiff's Petition setting forth the claim for relief upon which the action is based is attached hereto and marked Exhibit 1. A copy of the Summons served upon Defendant is attached hereto and marked Exhibit 2.

3. CSAA is incorporated in the State of Indiana with its principal place of business in a state other than Oklahoma. Plaintiff's cause of action is for breach of contract and insurance bad faith. The matter in controversy, between Plaintiff and Defendant, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs.

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, by reason

of the fact that this is a civil action wherein the amount in controversy, according to Plaintiff's demand, exceeds Seventy-Five Thousand and No/100ths Dollars ($75,000.00), exclusive of interest and costs and is between citizens of different states. Accordingly, this action may be removed by Defendant pursuant to 28 U.S.C. § 1441(a).

5. This Notice of Removal is filed in this Court within thirty (30) days after May 16, 2018, the date the Defendant was served with a copy of Plaintiff's Petition, which was the initial pleading setting forth the claim for relief upon which this is based.

6. Copies of all process, pleadings, and Orders served upon Defendant have been attached hereto as Exhibits, 1 and 2. Pursuant to LcvR 81.2, a copy of the state court docket sheet is attached as Exhibit 3.

**WHEREFORE,** Defendant, CSAA General Insurance Company, f/k/a AAA Insurance Company prays that this action be removed.

Dated this 31st day of May, 2018.

Respectfully submitted,

ATKINSON, HASKINS, NELLIS,
BRITTINGHAM, GLADD & FIASCO
A PROFESSIONAL CORPORATION

_____
James N. Edmonds, OBA #15757
Andrew G. Wakeman, OBA #21393
1500 ParkCentre
525 South Main
Tulsa, OK 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096
*Attorneys for Defendant*

## Certificate of Service

I hereby certify that on May 31, 2018, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Donald E. Smolen
Smolen, Smolen & Roytman, PLLC
701 S. Cincinnati Avenue
Tulsa, OK 74119
*Attorney for Plaintiff*

S:\Files\311\38\Removal\Notice of Removal-mac.wpd

IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

ALLISON FILENKO, an individual,

Plaintiff,

v.

CSAA GENERAL INSURANCE
COMPANY, f/k/a AAA INSURANCE
COMPANY, a Foreign for Profit
Corporation;

Defendant.

Case No.: CJ-2018-02067

DANA LYNN KUEHN

DISTRICT COURT
FILED
MAY 14 2018
DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

ATTORNEY LIEN CLAIMED

## PETITION

COMES NOW the Plaintiff, Allison Filenko, by and through her attorney of record, Donald E. Smolen, II, of Smolen, Smolen & Roytman, PLLC, and for her cause of action against Defendant CSAA General Insurance Company, f/k/a AAA Insurance Company, states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff at all times relevant hereto was a resident of Tulsa County, Oklahoma.

2. Defendant CSAA General Insurance Company, f/k/a AAA Insurance Company (herein collectively referred to as "Defendant AAA" or "AAA"), is a foreign for profit corporation regularly conducting business in Tulsa County, Oklahoma.

3. The accident and injury that give rise to this litigation occurred in Tulsa County, Oklahoma.

4. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

1

EXHIBIT 1

## FACTS COMMON TO ALL CLAIMS

5. Paragraphs 1-4 are incorporated herein by reference.

6. On or around March 6, 2017, Plaintiff was injured in a motor vehicle accident due to the negligence of a third party.

7. Plaintiff sustained serious bodily injury as a result of this accident.

8. The force exerted on Plaintiff's vehicle caused severe damage to Plaintiff's vehicle.

9. The vehicle Plaintiff was operating at the time of this accident was covered under a policy of uninsured/underinsured motorist ("UM") coverage with AAA.

10. The third party responsible for this accident, Joshua Chan, had minimum liability insurance limits in the amount of $25,000.00, and as such, was underinsured for the injuries sustained by Plaintiff.

11. On or around December 7, 2017, Plaintiff submitted a demand package to the tortfeasor's liability insurance carrier, Southern Farm Bureau, as well as Defendant AAA, requesting that both insurance carriers tender the applicable policy limits under the respective policies, due to the nature and extent of Ms. Filenko's injuries. Contained within the demand submitted to Defendant AAA was a fully executed, unlimited medical authorization signed by the Plaintiff.

12. In response to said demand, Southern Farm Bureau tendered its policy limits of $25,000.00 within several weeks of being requested to do so.

13. On or around January 17, 2018, several weeks after Plaintiff was offered the third party liability policy limits, Defendant AAA waived its right of subrogation as to the third party liability insurance proceeds.

2

14. In response to Plaintiff's demand that Defendant AAA tender the UM policy limits, Defendant AAA reassigned Plaintiff's UM claim to Paige Wilson, Claims Representative.

15. Upon being reassigned responsibility for investigating and evaluating Plaintiff's UM claim, Paige Wilson began a course of conduct, the motivation of which was, in whole or in part, upon information and belief that will be confirmed through discovery, to frustrate the resolution of Plaintiff's UM claim.

16. On or around December 22, 2017, Ms. Wilson informed counsel for the Plaintiff that AAA "would like to request your client's past 10 year medical history records, including films. We also would like some missing bills, records, and films mentioned in the demand (particularly Servant Medical Imaging on Cherry Street records and the second round of MRI bills). We will attempt to use the authorization provided to obtain these records, however we are enclosing another medical authorization in the event we have issues obtaining priors with your authorization."

17. Additionally, Paige Wilson, months after receiving medical records and billing associated with the March 6, 2017 accident, and subsequent to receiving inquiries from Plaintiff's counsel regarding clarification on the scope of the 10 years of medical records she was wanting to obtain, requested Ms. Filenko submit to an "Independent Medical Examination" at the hands of Randall Hendricks, MD, an orthopedic surgeon known to pro-insurance/pro-defense "hired gun", who knowingly harbors personal animosities against Dr. Kris Parchuri, Plaintiff's treating orthopedic surgeon.

18. Ms. Wilson, acting in the course and scope of her employment with Defendant AAA, and acting on behalf of Defendant AAA, exhibited conduct throughout her alleged investigation and evaluation of Plaintiff's UM claim, that encompassed and embraced a

pattern and practice of behavior intended to cause repeated delay in payment of Plaintiff's UM claim.

19. The behavior demonstrated by Ms. Wilson in the handling of Ms. Filenko's UM claim, upon information and belief that will be confirmed through discovery, is and was representative of a corporate culture and philosophy within AAA that encouraged its claim representatives to undercut, under-evaluate, delay and prolong payment of Oklahoma UM claims.

20. As of the date of this filing, Defendant AAA, by and through its agents and employees, has failed to conduct a reasonable investigation into the nature and extent of Plaintiff's injuries as a result of the March 6, 2017 motor vehicle accident; failed to evaluate Plaintiff's UM claim, and has refused to tender Plaintiff the UM insurance benefits she is so clearly owed.

## CAUSES OF ACTION

### COUNT I. BREACH OF CONTRACT

21. Paragraphs 1-20 are incorporated herein by reference.

22. Plaintiff had a policy of uninsured/underinsured motorist coverage with AAA on the vehicle driven by her at all times relevant hereto.

23. That, at the time of the accident, the third party tortfeasor liable for said accident was underinsured.

24. That pursuant to the terms of the policy of insurance with AAA, this is a factual situation wherein the uninsured/underinsured motorist coverage contained in said policy with Defendant AAA applies to the accident involving Plaintiff.

25. Plaintiff has requested AAA tender payment under said policies and Defendant AAA has failed to tender said payment in connection with said policies. Plaintiff has performed all conditions precedent under the policy.

26. Defendant AAA has breached its contract of insurance and has wholly refused or neglected to pay Plaintiff the value of her damages. Said failure constitutes a breach of contract of said insurance policy, and Plaintiff is entitled to a judgment against Defendant AAA for the personal injuries sustained while covered by such contract.

## COUNT II. BAD FAITH

27. Paragraphs 1-26 are incorporated herein by reference.

28. Plaintiff had a policy of uninsured/underinsured motorist coverage with AAA on the vehicle driven by her.

29. Plaintiff has requested AAA tender any and all applicable polices of uninsured/underinsured motorist coverage.

30. As of the date of this filing, Defendant AAA has failed to pay any monies under the applicable policy of insurance.

31. In its handling of Plaintiff's claim for benefits under the insurance policy, and as a matter of routine practice in handling similar claims, Defendant AAA breached its duty to deal fairly and in good faith towards Plaintiff and others in the following respects:

    a. Failing to pay Plaintiff the insurance benefits that she was entitled to under the policy at the time when Defendant knew, or should have known, the Plaintiff was entitled to those benefits;

    b. Withholding payment of benefits to the Plaintiff knowing that Plaintiff's claim for those benefits was valid;

5

  c. Unreasonably delaying payment of those benefits without a reasonable basis;

  d. Refusing to pay Plaintiff's claim for reasons contrary to the express provisions of the law;

  e. Intentionally and recklessly misapplying the provisions of the insurance policy;

  f. Failing to properly investigate the Plaintiff's claim for benefits;

  g. Failing to properly evaluate the investigation that was done on Plaintiff's claim for benefits;

  h. Failing to adopt and implement reasonable standards for the prompt investigation and handling of claims arising under the policies including the claims of the Plaintiff; and

  i. Failing to attempt to act in good faith to effectuate a prompt, fair settlement of the Plaintiff's claim.

32. As a direct result of Defendant AAA's breach of contract and breach of the implied covenant of good faith and fair dealing, Plaintiff has suffered the loss of the insurance policy benefits, mental and emotional distress, anxiety, embarrassment, medical expenses and financial hardship.

## COUNT III. PUNITIVE DAMAGES

33. Paragraphs 1-32 are incorporated herein by reference.

34. The intentional, wanton and reckless conduct of Defendant AAA in disregard of the Plaintiff and others is, and was, conducted with full knowledge, in that Defendant AAA

6

knew, or should have known, of the severe adverse consequences of its actions upon Plaintiff and others.

35. That such acts and omissions were not only detrimental to the Plaintiff but to the public in general.

36. Defendant AAA has acted intentionally, maliciously and in reckless disregard of the rights of the Plaintiff. As a result, the Plaintiff is entitled to recover punitive damages against Defendant AAA.

WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought including, but not limited to, actual damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from date of filing of suit, punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00) and all other relief deemed appropriate by this Court.

Respectfully submitted,

SMOLEN, SMOLEN & ROYTMAN, PLLC

_____
Donald E. Smolen, II, OBA #19944
701 S. Cincinnati Avenue
Tulsa, OK 74119
(918) 585-2667
(918) 585-2669 Fax
www.ssrok.com
*Attorneys for Plaintiff*

0295

RECEIVED
OKLAHOMA INSURANCE DEPARTMENT
MAY 16 2018
Legal Division

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

ALLISON FILENKO, an individual, )
        Plaintiff, )
v. )
CSAA GENERAL INSURANCE )
COMPANY f/k/a AAA INSURANCE )
COMPANY, a Foreign For Profit )
Corporation, )
        Defendant. )

CJ-2018-02067
Case No.: DANA LYNN KUEHN
Judge: DANA LYNN KUEHN

ATTORNEY LIEN CLAIMED

## ORIGINAL SUMMONS

**SERVE BY U.S. CERTIFIED MAIL, RETURN RECEIPT REQUESTED**

CSAA GENERAL INSURANCE COMPANY,
f/k/a AAA INSURANCE COMPANY
C/O JOHN D. DOAK
OKLAHOMA INSURANCE COMMISSIONER
5 Corporate Plaza
3625 NW 56th, Suite 100
Oklahoma City, OK 73112-4511

To the above-named Defendant(s)

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this 14 day of 5, 2018

DON NEWBERRY, Court Clerk
County Court Clerk

By _____
Deputy Court Clerk

(Seal)
This summons and order was served on _____

_____
(Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN T[HE] TIME LIMIT STATED IN THIS SUMMONS.

EXHIBIT 2

GOVERNOR
MARY FALLIN

INSURANCE COMMISSIONER
JOHN D. DOAK



## INSURANCE COMMISSIONER
### State of Oklahoma

May 16, 2018

CSAA GENERAL INSURANCE COMPANY
DBA AAA INSURANCE COMPANY
3055 OAK RD MS W330
WALNUT CREEK    CA  94597

RE: CJ1802067
   In the District Court in TULSA
   State of Oklahoma
   ALLISON FILENKO
              vs
   CSAA GENERAL INSURANCE COMPANY
   DBA AAA INSURANCE COMPANY

Dear Sir or Madam:

Enclosed is a copy of the above captioned summons served on the Insurance Commissioner as designated agent for service of process of foreign insurance companies doing business in the State of Oklahoma (36 O.S. section 621(B)).

Sincerely,

JOHN DOAK
Insurance Commissioner


Maria Torres            Legal Department

dp/enclosure

THE CORPORATION COMPANY
1833 SOUTH MORGAN ROAD
OKLAHOMA CITY    OK  73128

FIVE CORPORATE PLAZA, 3625 N.W. 56th STREET, SUITE 100 • OKLAHOMA CITY, OKLAHOMA 73112-4511
(405) 521-2828 • TOLL FREE (IN STATE) 1-800-522-0071



# OKLAHOMA
## State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

### IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

ALLISON FILENKO,
    Plaintiff,
v.
CSAA GENERAL INSURANCE COMPANY,
FKA AAA INSURANCE COMPANY
    Defendant.

No. CJ-2018-2067
(Civil relief more than $10,000: BREACH OF AGREEMENT - CONTRACT)

Filed: 05/14/2018

Judge: Kuehn, Dana

## PARTIES

CSAA GENERAL INSURANCE COMPANY, Defendant
FILENKO, ALLISON, Plaintiff

## ATTORNEYS

**Attorney**
SMOLEN, DONALD E II (Bar #19944)
SMOLEN,SMOLEN & ROYTMAN PLLC
701 S CINCINNATI AVE
TULSA, OK 74119

**Represented Parties**
FILENKO, ALLISON

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

| Issue # 1. | Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)<br>Filed By: FILENKO, ALLISON<br>Filed Date: 05/14/2018 |
|---|---|



EXHIBIT 3

| | Party Name | Disposition Information |
|---|---|---|
| | **Defendant:** CSAA GENERAL INSURANCE COMPANY | |

# DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 05-14-2018 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 05-14-2018 | CONTRACT | BREACH OF AGREEMENT - CONTRACT | | | |
| 05-14-2018 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 05-14-2018 | PFE1 | PETITION<br>Document Available (#1040422930) 📄TIFF 📄PDF | | | $ 163.00 |
| 05-14-2018 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 05-14-2018 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 05-14-2018 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 05-14-2018 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 05-14-2018 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 05-14-2018 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 05-14-2018 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 05-14-2018 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 05-14-2018 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 05-14-2018 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 05-14-2018 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 05-14-2018 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 05-14-2018 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 05-14-2018 | SMF | SUMMONS FEE (CLERKS FEE) | | | $ 10.00 |
| 05-14-2018 | SMIMA | SUMMONS ISSUED - MAILED BY ATTORNEY | | | |
| 05-14-2018 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE KUEHN, DANA TO THIS CASE. | | | |
| 05-14-2018 | ACCOUNT | RECEIPT # 2018-3763115 ON 05/14/2018. PAYOR: SMOLEN SMOLEN & ROYTMAN PLLC TOTAL AMOUNT PAID: $ 242.14. LINE ITEMS: CJ-2018-2067: $173.00 ON AC01 CLERK FEES. CJ-2018-2067: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. CJ-2018-2067: $1.66 ON AC31 COURT CLERK REVOLVING FUND. CJ-2018-2067: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. CJ-2018-2067: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. CJ-2018-2067: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. CJ-2018-2067: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. CJ-2018-2067: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. CJ-2018-2067: $25.00 ON AC79 OCIS REVOLVING FUND. CJ-2018-2067: $10.00 ON AC81 LENGTHY TRIAL FUND. CJ-2018-2067: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |